## ROBINSON et al. v. WHITE SYSTEM OF LAKE CHARLES, Inc.

### FONTENOT v. SAME.

Civil Actions Nos. 1917 and 1938.

District Court, W. D. Louisiana, Lake Charles Division.

March 5, 1947.

Bass, Patin & Brame, of Lake Charles, La., for plaintiffs.

Plauche & Stockwell, of Lake Charles, La., for defendant.

DAWKINS, District Judge.

Plaintiffs and defendant in both these cases are represented by the same counsel. In each, motions to dismiss for failure to state a case upon which relief can be

granted and for particulars have been filed and submitted upon briefs.

There are two plaintiffs in the first numbered case, demanding treble damages for the alleged sale to each of an automobile above ceiling price while OPA was in effect, and one plaintiff in the second claiming similar damages.

None of the plaintiffs allege the purpose for which the car was purchased, that is, for private use or in business; but as to all, it has been stipulated that "the automobile in plaintiff's complaint was purchased for use or consumption in a taxi business and they were used as taxicabs."

### Motion to Dismiss.

Defendant, who is the same in each case, contends that the purchaser is entitled to sue only where the article purchased was for use or consumption "other than in a business or trade" and not where the car was to be used in a taxi business; whereas plaintiffs take the position that the statute means, as applied to these cases, that any purchaser of an automobile may claim treble damages, except a dealer in such motor vehicles.

The section of the statute in question is as follows:

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. * * *" U.S.C.A., Title 50, Appendix, § 925, subd. (e).

 The issue must turn upon the fair meaning of the expression, designating the purchaser who can sue as "the person who buys such commodity for use or consumption other than in the course of trade or business * * *." It must be assumed that this language was intended to have its ordinary meaning, and so construing it, the conclusion seems inescapable that it was the purpose for which the commodity was to be used that must determine the statutory right thus created, which did not exist theretofore. In the first place the purchase has to be "for use or consumption," which clearly excludes purchase for resale. Of course, it could be used or consumed either for private purposes or in the course of a trade or business, but in the latter event, the right to sue was excluded, because the purchase had to be for such use or consumption "other than in the course of trade or business."

It having been stipulated that, "for the purpose of construing the motion to dismiss," the plaintiffs all purchased the automobiles for use in the taxi business, it follows that none of them is in the class given the right to bring such a suit by the statute and the motions should be sustained. See Bowles, Adm., v. Heinel Motors Co., Inc., et al., D.C., 59 F.Supp. 759, 761, affirmed in 3 Cir., 149 F.2d 815 without opinion, certiorari denied, 1945, 326 U.S. 760, 66 S.Ct. 141.

### Motion for Particulars.

Having found that the complaint should be dismissed for the reason that the plaintiffs have no standing to prosecute the suits, it is unnecessary to pass upon the motions for particulars.

Proper decrees should be presented.